# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50914
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

J Reyes-Carrillo,

Defendant—Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-312-1

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

J Reyes-Carrillo appeals his guilty plea conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50914

the indictment nor found by a jury beyond a reasonable doubt. Reyes-Carrillo acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. Accordingly, he has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Reyes-Carrillo is, therefore, correct that his argument is foreclosed. Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary disposition is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Reyes-Carrillo's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.